UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                                   Chapter 7

    Xiang Yong Gao,

                                                                        Case No. 1-14-42722-nhl

                             Debtor.

------------------------------------------------------------x

## DECISION ON TRUSTEE'S MOTION TO DIRECT TURNOVER

Appearances:

Nicholas C. Rigano, Esq.
LaMonica Herbst & Maniscalco LLP
3305 Jerusalem Avenue
Wantagh, NY 117390
*Attorneys for the Trustee*

Michael E. Talassazan, Esq.
Law Offices of Chen & Associates
9965 64th Road, Apt. 1D
Rego Park, NY 11374
*Attorneys for the Debtor*

NANCY HERSHEY LORD
United States Bankruptcy Judge

Before the Court is the motion of Gregory Messer, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Xiang Yong Gao (the "Debtor"), pursuant to sections 105, 521, 541, and 542 of Title 11 of the United States Code,[1] seeking the entry of an order directing the Debtor to (i) turnover $690,000 of missing cash, (ii) disclose the whereabouts of the missing cash, and (iii) produce all documents relating to the missing cash and/or any transfer(s) made with the missing cash (the "Turnover Motion"). *See* Trustee's Turnover Mot., ECF No. 79.[2]

The Trustee contends that the Debtor transferred a 5% interest (the "5% Interest") in 136-33 37th Avenue Realty LLC ("37th Avenue Realty LLC") to AE & LY Holdings LLC ("AE & LY"), and in return received $690,000 in cash (the "Equity Transfer"). The Trustee asserts that this cash is property of the estate that the Debtor has failed to produce. *See* Turnover Mot. 3, ECF No. 79.

For his part, the Debtor alleges that he held only legal title to the 5% Interest and did not receive the cash proceeds from the Equity Transfer. Gao Aff. 1, ECF No. 81-1. The Debtor claims that equitable title to the 5% Interest was held by his friend, Zhengzhou Chen ("Chen"), and that Chen was therefore entitled to, and was the actual recipient of, the cash. *Id.* The Debtor also argues that turnover is nevertheless inappropriate here, where no proof has been offered as to the whereabouts of the $690,000. Aff. in Opp. 2, ECF No. 81.

On May 12, 2015, the Trustee commenced an adversary proceeding against the Debtor to object to his discharge. *See* Compl., ECF No. 1, Adv. Pro. No. 15-01059-nhl. The Trustee presented the same set of facts in support of both a motion for summary judgment in that adversary proceeding and the instant motion. *See* Turnover Mot., ECF No. 79; R.7056-1 Stat., ECF No. 9, Adv. Pro. No. 15-01059-nhl. The Court has since granted summary judgment in the Trustee's favor

---

[1] Title 11 of the United States Code may be referred to throughout as the "Bankruptcy Code."
[2] Citations to docket entries are to the main case docket, Case No. 1-14-42722-nhl, except as indicated otherwise.

2

pursuant to § 727(a)(4)(A), on the basis that the Debtor made false oaths with the aim of concealing the 5% Interest. *See* Dec. on Summ. J., ECF No. 18, Adv. Pro. No. 15-01059-nhl. In reaching that conclusion, the Court rejected the Debtor's claim that he held only legal title to the 5% Interest— a finding that controls here. *Id.*; *see In re Apergis*, 539 B.R. 24, 27 (Bankr. E.D.N.Y. 2015) ("The 'law of the case' doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in the subsequent stages *in the same case*.'") (citing *Arizona v. California*, 460 U.S. 605, 618 (1983))).

For the reasons set forth below, the portion of the Turnover Motion requesting that the Debtor turnover any and all information related to the $690,000 is granted pursuant to § 542(e); the Turnover Motion is denied without prejudice to renew as to turnover of the $690,000 in cash under § 542(a).

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

## BACKGROUND

On May 31, 2012, the Debtor entered into a Membership Interest Transfer Agreement (the "Transfer Agreement"), whereby the Debtor agreed to transfer the 5% Interest in exchange for $870,000. *See* R.7056-1 Stat., Ex. E to Ex. 5, ECF No. 9-5, Adv. Pro. No. 15-01059-nhl. The Transfer Agreement, fully executed at the closing by the Debtor and Alan Yao ("Yao"), the managing member of AE & LY, names the Debtor as "Transferor" and AE & LY as "Transferee." *Id.* at 1. The Transfer Agreement states that: "The Transferee shall deliver to the Transferor certified check or cashier check in the amount of Eight Hundred and Seventy Thousand US Dollars

($870,000.00)." *Id.* at 3. Yao claims that, at the time of the Equity Transfer, AE & LY paid the Debtor $690,000 by cash, and $180,000.00 by a bank check issued to Wei Chu, the mother of Debtor's two children. R.7056-1 Stat., Ex. 5, ECF No. 9-5, Adv. Pro. No. 15-01059-nhl.

On May 28, 2014, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code (the "Filing Date"). At that time, the Debtor omitted any mention of the 5% Interest from his statement of financial affairs ("SOFA"), and twice denied having held such an interest at a Rule 2004 examination. *See* R.7056-1 Stat., Ex. 1, ECF No. 9-1, Adv. Pro. No. 15-01059-nhl; *id.* at Ex. 3, ECF No. 9-3. However, after conducting the Rule 2004 examination, the Trustee obtained documents, including an LLC membership certificate and the Debtor's own tax returns, which showed that the Debtor owned the 5% Interest until May 31, 2012, the date of the Equity Transfer. R.7056-1 Stat., Ex. B to Ex. 5, ECF No. 9-5, Adv. Pro. No. 15-01059-nhl; Rep. Mem. of Law, Ex. 6, at 4–5, 8–9, 12, ECF No. 13-2, Adv. Pro. No. 15-01059-nhl.

## DISCUSSION

*1. 11 U.S.C. § 542(a)—Turnover of the $690,000*

The Debtor is under an obligation to surrender all property of the estate to the Trustee. *See* 11 U.S.C. § 521(a)(4). In the event that the Debtor fails to comply with this duty, § 542 authorizes the Trustee to demand that such property be turned over. *See* 11 U.S.C. § 542; *In re Black Diamond Mining Co.*, 507 B.R. 209, 214 (E.D. Ky. 2014). Here, the Trustee's request for turnover of the $690,000 falls under subsection (a) of § 542, which provides that

> an entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

Accordingly, in order to prevail on a claim under § 542(a), the Trustee must establish three elements: (1) the property is in the possession, custody, or control of another entity; (2) the property can be used in accordance with the provisions of § 363; and (3) the property adds more than inconsequential value to the debtor's estate. *In re Khan*, Case No. 10–46901–ess, Adv. Pro. No. 11–01520–ess, 2014 WL 4956676, at *22 (Bankr. E.D.N.Y. Sept. 30, 2014) (quoting *In re DBSI, Inc.*, 468 B.R. 663, 669 (Bankr. D. Del. 2011)). The Trustee bears the burden of establishing each element. *See In re Steel Wheels Transp., LLC*, Bankruptcy Nos. 06–15377 DHS, 06–15378 DHS, Adversary No. 07–02675 DHS, 2011 WL 5900958, at *5 (Bankr. D.N.J. Oct. 28, 2011).

As the Court has previously rejected the Debtor's assertion the he did not own the 5% Interest, the Debtor's only remaining argument is that the Trustee has failed to sufficiently "identify the property and the location of the property."[3] Aff. in Opp. 2, ECF No. 81. On this point, the Debtor is correct. Section § 542(a) sets a clear limitation on the property subject to turnover: it must be property that was in an entity's possession, custody, or control "during the case." 11 U.S.C. § 542(a); *see, e.g.*, *In re Graves*, 609 F.3d 1153, 1157 (10th Cir. 2010) (finding that the debtors' lack of possession from the filing date through the culmination of the turnover proceeding "doom[ed] the trustee's efforts" to direct turnover). Some courts have interpreted "during the case" to include the entire period in which the bankruptcy is pending, while others have narrowed the language's meaning to require possession at the time the turnover motion is made. *Compare, e.g.*, *In re Shearin*, 224 F.3d 353, 356 (4th Cir. 2000) (interpreting "during the case" to include the entire case) *with In re Pyatt*, 486 F.3d 423, 429 (8th Cir. 2007) (requiring possession at the time the claim is asserted). *See generally Kahn*, 2014 WL 4956676, at *23; *In re Pilate*, 487 B.R. 345,

---

[3] In his opposition to the Turnover Motion, the Debtor further claims that, because Chen was the owner of the 5% Interest, the cash received in the Equity Transfer was never the Debtor's, and therefore could not be property of the estate. Though the Court has rejected the ownership-related argument, it has not decided—and does not here decide—whether the cash is property of the estate.

349–50 (Bankr. D.D.C. 2013). Here, however, by the Trustee's own characterization in the Turnover Motion, the $690,000 is "missing." The evidence presented suggests only that the 5% Interest belonged to the Debtor, that he was the intended recipient of the payment in exchange for that interest, and that he indeed did receive the payment. There is no account of the cash after the Equity Transfer, which occurred two years prior to the Filing Date. As the Trustee has therefore not shown that the Debtor was in possession or control of the cash as of the Filing Date, no less at the time of the Turnover Motion, the Court cannot, at this point, grant the Trustee relief under § 542(a).

### 2. *11 U.S.C. § 542(e)—Turnover of Recorded Information*

The absence of evidence of the disposition of the $690,000 after the Equity Transfer may prevent turnover of the cash under § 542(a), but it does not necessarily prevent turnover of existing documentation related to the same under § 542(e). *See In re Vaughn Co., Realtors*, Case No. 11–10–10759 JA, Adversary No. 13–1030 J, 2015 WL 4498748, at *4 (Bankr. D.N.M. July 23, 2015). ("[R]elief under § 542(e) is separate and in addition to the relief available under 11 U.S.C. § 542(a)."). The Trustee's additional request for disclosure and production of all documents relating to the missing cash falls within this latter subsection, which provides, in pertinent part, that

> after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e). "Unlike § 542(a), the recorded information subject to turnover under § 542(e) need not itself constitute property of the bankruptcy estate," but instead "must either 1) relate to the property of the estate[,] or 2) relate to the debtor's financial affairs." *Vaughn Co.*, 2015 WL 4498748, at *5; *see also Black Diamond Mining Co.*, 507 B.R. at 214 ("To be subject to turnover under § 542(e), documents and records need not actually belong to the debtor; they need only

*relate to* the debtor's property or financial affairs." (citing *In re McKenzie*, 716 F.3d 404, 419 (6th Cir. 2013))).

Here, the information sought by the Trustee relates to the missing $690,000, which this Court has already determined was, at some point, the Debtor's property. Furthermore, aided by such additional documentation, should it exist, the Trustee may be able to determine what happened to the cash between the Equity Transfer and the Filing Date, and perhaps even afterward. Consequently, the Trustee's request for such information meets § 542's requirement that the information to be turned over relate "to the debtor's property or financial affairs." 11 U.S.C. § 542(e). Accordingly, this portion of the Trustee's motion is granted.

## CONCLUSION

In light of the above discussion, the Turnover Motion is granted to the extent that the Debtor is directed to turnover any and all existing information and documentation related to the missing $690,000. The portion of the Turnover Motion related to turnover of the $690,000 is denied without prejudice to renew once the Trustee has reviewed the turned-over information and any other necessary discovery. A separate order will issue.



Dated: June 12, 2017
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge